United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANGEL JOSE PRIETO GARCIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-266 |
| | § | |
| FRANCISCO VENEGAS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Angel Jose Prieto Garcia is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). He bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, the Due Process Clause of the Fifth Amendment, and the equal protection principles incorporated within the Due Process Clause.

In March, Respondents filed a response to the Petition and move for summary judgment as to each of Petitioner's claims. (MSJ, Doc. 7) Petitioner filed no response to the motion.

Based on the record and the applicable law, the Court concludes that Respondents have demonstrated that the challenged claims fail as a matter of law, and that Petitioner presents no viable claim in habeas.

### I. Due Process Claim[1]

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits indefinite or prolonged civil detention without an individualized determination for individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A)

[1] To the extent that Petitioner alleges a statutory argument regarding the application of Section 1225(b)(2)(A), the Fifth Circuit has foreclosed such a claim. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

without an opportunity to seek bond. Respondents move for summary judgment as to this claim, relying on Supreme Court precedents that, according to Respondents, "endore[ ] the constitutionality of detaining aliens without bond during the pendency of removal proceedings." (MSJ, Doc. 7, 6)

Other courts have considered and adopted substantively-similar arguments to those that Respondents advance here. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[2] For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.[3]

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, including his length of residence within the United States and his prior release from immigration detention under Section 1226(a). But he presents no authority to support his claim that these

[2] While recognizing that other district courts have reached a contrary conclusion on this issue–see, e.g., Ochoa v. Vergara, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); Hassen v. Noem, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); Marceau v. Noem, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

[3] Petitioner alleges a claim for "arbitrary and capricious government action" based on the Fifth Amendment's Due Process Clause. (Pet., Doc. 1, 11-12) To the extent that Petitioner seeks to allege this claim under the Administrative Procedure Act, such a claim would fail as a matter of law for the reasons articulated in Respondents' summary judgment motion.

circumstances present a viable as-applied due process challenge. In addition, Section 1225(b)(2)(a) authorizes his continued detention, as *Buenrostro* recognized.

## II. Equal Protection Claim[4]

Petitioner also alleges that "Respondents treat Petitioner—who entered the United States without inspection 4 years, 3 months, and 22 day—fundamentally differently from a noncitizen who entered lawfully but overstayed a visa for many years." (Pet., Doc. 1, 10) He claims that this alleged distinction violates the equal protection principles within the Fifth Amendment.

"Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017). The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to those in exclusion proceedings, there is a rational basis for the distinction."). While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat certain aliens different from others. In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508. As a result, the Court finds that Respondents' policy does not violate equal protection principles encompassed by the Fifth Amendment.

[4] Respondents do not appear to move for summary judgment as to this claim, but the Court analyzes the cause of action to determine whether it presents a viable claim in habeas.

## III. Conclusion

For these reasons, the Court concludes that Respondents are entitled to summary judgment and that Petitioner is not entitled to the relief that he requests. It is:

**ORDERED** that Respondents' Motion for Summary Judgment (Doc. 7) is **GRANTED**; and

**ORDERED** that Petitioner Angel Jose Prieto Garcia's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on June 1, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge